# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**WILLIAM L. WITHAM, JR.**
RESIDENT JUDGE

**KENT COUNTY COURT HOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**

April 26, 2016

Nicholas H. Rodriguez, Esquire
Schmittinger and Rodriguez, P.A.
414 South State Street
Dover, Delaware 19901

Patrick C. Gallagher, Esquire
Curley Dodge & Funk, LLC
250 Beiser Boulevard, Suite 202
Dover, Delaware 19904

Re:  *Nazim Ameer v. Mary Melvin & Christy Reynolds*
     C.A. No. K16C-01-021 WLW

Dear Counsel:

Before the Court are motions to dismiss brought by Defendant Mary Melvin and Defendant Christy J. Reynolds (collectively, "Defendants"). The Defendants seek to dismiss the complaint of Nazim Ameer pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court finds that Dr. Ameer is seeking an equitable remedy that is not within this Court's jurisdiction. For the following reasons, the Court will dismiss this claim for lack of subject matter jurisdiction pursuant to Superior Court Civil Rule 12(b)(1),[1] and

---

[1] Super. Ct. Civ. R. 12(b)(1) states:
   Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses

schedule a calendar conference to discuss the remaining issues.

Dr. Ameer is the owner of the Delaware Institute of Pain Management ("the Institute"). Ms. Melvin was employed by the Institute until she was terminated on September 25, 2015. Ms. Reynolds was an independent contractor who worked for the Institute on a contract basis but had not been engaged by the Institute since September 15, 2015. On October 29, 2015, Ms. Reynolds allegedly used the Institute's letterhead to write a letter to Del-One Federal Credit Union. Claiming to be the office manager, Ms. Reynolds allegedly wrote that Ms. Melvin would return to work at the Institute on November 2, 2015 and would resume her normal work schedule. Dr. Ameer has claimed he was damaged because he could be responsible by implication for the false statements made on his letterhead, and his license to practice medicine in Delaware could therefore be adversely affected.

The Defendants filed separate motions to dismiss or for a more definite statement. The Defendants claim there can be no action because Dr. Ameer has suffered no damages. The damages claimed are speculative in that Dr. Ameer claims he *could* be subject to liability for allegedly false statements, or he *could* face discipline under the Medical Malpractice Act for unprofessional conduct.

A hearing on the motions was held on April 8, 2016. As the hearing progressed, it became apparent that Dr. Ameer filed this complaint in order to prevent the Defendants from using his letterhead in the future. Counsel for Dr. Ameer stated that he did not know of any way to stop the letter from being circulated in the future

---

may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter.

without filing suit, and that was the reason suit was filed. The Court noted that such a remedy would be equitable in nature and that it did not have jurisdiction to issue an equitable order. The Court suggested the case may be proper in Chancery Court. In a subsequent letter to the Court, counsel for Dr. Ameer stated that he is not looking for damages. Rather, he is seeking a way to protect his client from having the letter circulated in the future and is seeking responsibility by the Defendants for future damages.[2] Based on this rationale, counsel for Dr. Ameer agreed that a transfer to Chancery Court may be appropriate. The Defendants oppose transfer by arguing that Dr. Ameer would still be unable to assert a claim that the Chancery Court might recognize. The Defendants believe a declaratory judgment by this Court would serve the same purpose as an injunction issued from Chancery Court. The Defendants also argue that transfer to Chancery Court would incur additional and unnecessary defense costs.

Dr. Ameer has not suffered any cognizable damages, yet he should be free to carry on his life without fear that the Defendants would allegedly once again use his letterhead to further personal goals. However, a declaratory judgment is not appropriate in this case. In *Rollins Intern., Inc. v. International Hydronics Corp.*, the Delaware Supreme Court noted that "[w]hile it is true that courts will not entertain suits seeking an advisory opinion or an adjudication of hypothetical questions, the courts do entertain declaratory judgment actions where the alleged facts are such that

---

[2] The letter from counsel for Dr. Ameer to this Court references the letter at issue in this case; however, the Court also assumes that Dr. Ameer would be interested in resolving any issue concerning the improper use of his name or the name of the Institute by either Defendant in the future as well.

a true dispute exists and eventual litigation appears to be unavoidable."[3]  In the case at bar, it does not appear that litigation is unavoidable.  Dr. Ameer *may* suffer damages *if* the Credit Union relied on the letter, or *may* suffer damages *if* the letter is circulated in the future.  However, there has been no showing that the Credit Union relied on the letter, and the letter may not be used in the future.  Litigation is therefore not unavoidable.  Moreover, the parties are not seeking a declaration of rights or legal relationships.  Dr. Ameer is simply seeking to prevent the Defendants from acting in the future.

Based on statements made by counsel for Dr. Ameer at the hearing, and his subsequent letter stating that Dr. Ameer is not seeking damages, the Court finds Dr. Ameer seeks an equitable remedy that is within the sole jurisdiction of the Court of Chancery.  The Court will therefore dismiss this case for lack of subject matter jurisdiction pursuant to Delaware Rule of Civil Procedure 12(b)(1).  Pursuant to 10 *Del. C.* § 1902,[4] Dr. Ameer will have sixty days to file the appropriate documents to

---

[3] *Rollins Intern., Inc. v. International Hydronics Corp.*, 303 A.2d 660, 662 (Del. 1973).

[4] 10 *Del. C.* § 1902 states in pertinent part:
> No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court. All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted shall be delivered in accordance with the rules or special orders of such court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to which the proceeding

transfer this case to the Court of Chancery. Given the decision of this Court, the motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is ***moot***. The Court will schedule a calendar conference to discuss remaining issues such as Ms. Melvin's counterclaim. The parties should be prepared to discuss the procedural way forward with regard to Ms. Melvin's counterclaim, and whether this case is suitable for mediation.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

is transferred. . . .